

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-9-2003

# Singh v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-2965

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Singh v. Atty Gen USA" (2003). *2003 Decisions.* Paper 381.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/381

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 02-2965

LAKWINDER SINGH,

Petitioner

v.

JOHN ASHCROFT, ATTORNEY GENERAL
OF THE UNITED STATES OF AMERICA,

Respondent

On Petition for Review of a Decision of the
Board of Immigration Appeals
(Board No. A78-520-462-York)

Submitted United Third Circuit LAR 34.1(a)
July 8, 2003

BEFORE: NYGAARD, SMITH, and GREENBERG, Circuit Judges

(Filed: July 9, 2003)

OPINION

GREENBERG, Circuit Judge.

This matter comes on before this court on petitioner Lakwinder Singh's petition

for review of a decision of the Board of Immigration Appeals dated June 17, 2002,

dismissing an appeal from an order of an immigration judge dated January 10, 2002, denying Singh's application for asylum and the withholding of removal. The basis of the Board's decision in its entirety was as follows:

> PER CURIAM. The appeal is dismissed. The appellant checked Box 6 on the Notice of Appeal (Form EOIR-26) indicating that a separate written brief or statement would be filed in addition to the reasons for appeal accompanying the Notice of Appeal. Block 6 is immediately followed by a clear warning that the appeal may be subject to summary dismissal if the appellant indicates that such a brief or statement will be filed and, 'within the time set for filing, you fail to file the brief or statement and do not reasonably explain such failure.' The appellant was granted the opportunity to submit a brief or statement in support of the appeal. However, the record indicates that appellant did 'not file such brief or statement, or reasonably explain his or her failure to do so, within the time set for filing.' 8 C.F.R. § 3.1(d)(2)(i)(D). Moreover, upon review of the record, we are not persuaded that the Immigration Judge's ultimate resolution of this case was in error. Accordingly, we find that summary dismissal is appropriate pursuant to the provisions of 8 C.F.R. § 3.1(d)(2)(i)(D).

Subsequently, Singh moved before the Board for reconsideration of its decision to dismiss the appeal but the Board denied the motion on October 2, 2002. Inasmuch as Singh has not petitioned for review of the October 2, 2002 decision, we do not review it in our disposition of this matter.

In these proceedings Singh contends that the Board "did not actually summarily dismiss [his] appeal, but affirmed the decision of the immigration judge without opinion." Br. at 11. Thus, he argues that he "is entitled to raise issues in this appeal relative to the merits of his" claims for asylum and withholding of removal. Id. at 11-12. The Attorney General answers that we should affirm because Singh has failed to challenge the Board's

dismissal of his appeal and, in any event, the dismissal was appropriate.

We will deny the petition for review. It is clear to us that the Board dismissed Singh's appeal because he failed to comply with the rules applicable to it. While we recognize that at the outset of his brief in this court Singh raised as an issue the question of whether the Board's decision summarily dismissing his appeal because of his attorney's failure to file a brief was erroneous and contrary to law, br. at 5, subsequently in his argument he changed his focus to contend that the Board had adjudicated his case on the merits. Thus, Singh has not challenged properly the basis for the dismissal of his appeal. See Dillinger v. Caterpillar, Inc., 959 F.2d 430, 447 (3d Cir. 1992).

In any event, the Board surely did not err in dismissing the appeal. After all, Singh indicated on Form EOIR-26 that he would file a brief or statement but did not do so. Furthermore, the form indicated the possible consequences of a failure to file a brief or statement so he should not have been surprised at what happened when he did not file either document.

We are aware, of course, that in addition to dismissing the appeal the Board observed that it had not been pursuaded "that the Immigration Judge's ultimate resolution of this case was in error." That observation, however, was not the basis for its decision as it then indicated that: "[a]ccordingly, we find that summary dismissal is appropriate pursuant to the provisions of 8 C.F.R. § 3.1(d)(2)(i)(D)." That section provides that the Board may summarily dismiss an appeal if a party stated on Form EOIR-26 that "he or

she will file a brief or statement in support of the appeal" but did not do so or give a reasonable explanation for the failure. Thus, inasmuch as that is what happened and the Board anchored the dismissal to that provision, it is clear that the Board dismissed the appeal for procedural reasons that are both unassailed and unassailable.

For the foregoing reasons we will deny the petition for review.

––––––––––

/s/ Morton I. Greenberg
Circuit Judge